UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MARIGNY,<br><br>Defendant. | Case No. 21-cr-00020-JST-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL**<br><br>Re: ECF No. 74 |

Before the Court is Defendant William Marigny's motion to appoint counsel to assist with the reply in support of his motion for compassionate release. ECF No. 74. Mr. Marigny states that he does not have an attorney, and "[a]fter receiving the [government] response and reviewing the opposition," he is "overwhelmed." ECF No. 74 at 1.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). "[T]he decision whether to appoint counsel in postconviction proceedings (including requests for compassionate release . . . ) rests with the discretion of the district court." *United States v. Torres*, No. 1:07-cr-00235-DCN, 2021 WL 3037405, at *1 (D. Idaho July 19, 2021) (citing *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005)). The court may consider the likelihood of success on the merits, the ability of the prisoner to present his claims, and the complexities of the issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Mr. Marigny has demonstrated a sufficient ability to present his own claims. His motion for sentence reduction spans more than 50 pages, thoroughly presents his arguments, and cites legal authority. *See United States v. Cabrera*, No. 1:18-cr-00006-01, 2024 WL 3400914, at *2 (D.

N. Mar. I. July 15, 2024) (denying request for counsel where defendant stated he was "not skilled in the law and w[ould] not be able to argue with the government" but "provided numerous case cites and thorough analysis"). Nor are any of the legal issues particularly complex. Accordingly, Mr. Marigny's motion to appoint counsel is denied. His reply brief remains due March 10, 2025.

**IT IS SO ORDERED.**

Dated: January 17, 2025



JON S. TIGAR
United States District Judge